# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| HCA, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-01603 |
| | ) Judge Haynes / Knowles |
| ANTHONY PARRA, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' "Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue." Docket No. 10. Attached to that Motion, Defendants have submitted a supporting Memorandum of Law, a copy of the Verified Complaint, the Affidavit of Anthony Parra, and the Affidavit of Daniel Thomas. *Id.*

Plaintiff has filed a Response in Opposition to the instant Motion. Docket No. 12.

Plaintiff filed this action to enforce the terms of the HCA Health and Welfare Benefits Plan ("Plan"), a self-funded plan that is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 20 U.S.C. §§ 1001, *et seq*. Docket No. 1. The Summary Plan Description contains a "Subrogation and Reimbursement" provision, which requires a participant to reimburse the Program for all benefits paid in the event the participant is able to recover funds from another party. *Id.* This case seeks the enforcement of the Plan's right of reimbursement after the underlying third-party action was settled. *Id.*[1]

---

[1] Defendant Parra is a participant in the Plan, which paid at least $149,312.25 in benefits on his behalf after a personal injury accident on or about June 25, 2012. *Id.* Defendant Parra settled all or a portion of his claims arising out of that accident for approximately $300,000. *Id.*

Defendants filed the instant Motion seeking dismissal based upon improper venue or, in the alternative, seeking transfer to the Western District of Missouri, which Defendants contend is the proper venue. Docket No. 10. Defendants assert that 29 U.S.C. § 1332(e)(2) provides that venue is proper in the district where: (1) the Plan is administered; (2) the breach took place; or (3) the defendant resides or may be found. *Id., citing* 29 U.S.C. § 1332(e)(2). Defendants argue, therefore, that venue is improper in Tennessee because: (1) Defendant Parra, the beneficiary of the Plan, resides in Missouri; (2) this Court does not have sufficient minimum contacts to satisfy personal jurisdiction requirements; and (3) an alleged breach of the Plan would have necessarily taken place in Missouri. *Id.* With regard to Plaintiff's argument that venue is proper in Tennessee because the Plan is administered here, Defendants argue:

> [W]hile Plaintiff alleges that the plan is administered in Tennessee, it attaches no supporting documentation or affidavits to evidence as much. Failing to provide Defendants or this Court with any evidence to support its contention that the plan is in fact administered in Tennessee is fatal to Plaintiff's theory of venue.

*Id.*

The parties agree that venue is proper in Tennessee if the Plan is administered in Tennessee. Although Defendants argue that Plaintiff has failed to provide them or this Court with any evidence to support its contention that the Plain is administered in Tennessee, Plaintiff's Complaint in this action is a proper *Verified Complaint*. *See* Docket No. 1. Plaintiff's Verified Complaint states:

> 8. Pursuant to 29 U.S.C. § 1132(e)(2), venue in this Court is proper because *the Plan is administered in this District*, and personal jurisdiction is proper because the Defendants all

---

It is from this settlement of the accident that Plaintiff seeks subrogation reimbursement. *Id.*

"reside or may be found" within the United States.

*Id.*

Plaintiff's properly verified Complaint establishes that the Plan is administered in Tennessee. Accordingly, Defendants' "Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue" (Docket No. 10), should therefore be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge